UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BALTEJ S. K.,

      Petitioner,

      v.

MINGA WOFFARD et al.,

      Respondents.

No. 1:26-cv-00413-TLN-CSK

**ORDER**

On January 20, 2026, the Court granted Petitioner Baltej S. K.'s ("Petitioner") Motion for a Temporary Restraining Order and ordered Respondents to show cause by January 30, 2026, why this Court should not issue a preliminary injunction. (ECF No. 5.) On January 30, Respondents filed a response. (ECF No. 7.) For the reasons set forth below, the Court issues a preliminary injunction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Petitioner is a thirty-one-year-old from Rajasthan, India. (ECF No. 2 at 10; ECF No. 2-1 at 17.) Petitioner entered the United States on December 11, 2022, and was apprehended by

---

[1]    Respondents do not dispute the facts provided by Petitioner and set forth in this Court's prior order. (*See generally* ECF No. 7.) As such, these facts are reiterated almost verbatim here for clarity.

1

Border Patrol the same day.  (ECF No. 2 at 10.)  Petitioner was subsequently released on parole subject to certain conditions.  (*Id.*)  Petitioner states following his release, he complied with all U.S. Immigration and Custom Enforcement ("ICE") supervision requirements.  (*Id.* at 11.)  Petitioner also filed an asylum application in June 2023 and later received employment authorization.  (*Id.* at 10; ECF No. 2-1 at 5.)  He states he has no criminal history and has continuously resided in California since his release.  (ECF No. 2 at 10.)

In early 2025, ICE informed Petitioner that his case was not appearing in the Automated Case Information system.  (*Id.* at 11.)  ICE instructed him to return to the San Jose ICE office for installation of a location-tracking application.  (*Id.*)  Petitioner states he complied with everything that was asked of him.  (*Id.*)

On October 6, 2025, Petitioner appeared at a scheduled ICE check-in and was detained without notice and without any change in circumstances.  (*Id.*)  Petitioner states he was informed he was being detained because his asylum case was not appearing online.  (*Id.*)  Petitioner was subsequently transferred to the Mesa Verde Detention Center where he remains detained.  (*Id.*)

On January 19, 2026, Petitioner filed a writ of habeas corpus.  (ECF No. 1.)  The same day, Petitioner filed a TRO challenging the constitutionality of his detention and seeking immediate release.  (ECF No. 2.)  The Court subsequently issued a TRO requiring Petitioner's immediate release and enjoining and restraining Respondents from re-arresting or re-detaining Petitioner absent compliance with constitutional protections.  (ECF No. 5.)  The Court now determines whether the relief contained in the TRO should continue as a preliminary injunction.

II.    **STANDARD OF LAW**

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on

the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction.  *Id.* at 1134–35.

### III.    ANALYSIS

This Court previously found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO.  (ECF No. 5.)  Specifically, the Court found Petitioner had established a likelihood of success on his claim that his detention violated the Fifth Amendment Due Process Clause.  (*See generally id.*)  Now, in response to the Order to Show Cause, Respondents argue this Court should not issue a preliminary injunction because Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 7 at 1.)

This argument does not alter the Court's determination that Petitioner is likely to succeed on his due process claim.  This Court has found repeatedly that noncitizens like Petitioner who have already entered the United States at the time ICE detains them are not "applicants for admission" subject to 8 U.S.C. § 1225.  *See, e.g.*, *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025); *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *F.V.A.V. v. Wofford, et al.*, No. 1:25-cv-01763-TLN-JDP, ECF No. 16 (E.D. Cal. Dec. 19, 2025); *cf. F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025).  Without new facts, reasoning, or a higher court order finding otherwise, this Court will not reconsider its position from prior rulings.

Respondents do not challenge Petitioner's arguments as to the remaining *Winter* factors for irreparable harm, balance of equities, and public interest.  Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg*

*Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and does not duplicate its analysis here.

### IV.   CONCLUSION

In sum, to prevent further irreparable harm, the Court issues a preliminary injunction.  IT IS HEREBY ORDERED:

1. Respondents are ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner Baltej S.K., unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.

3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

4. This matter is referred back to the United States Magistrate Judge for a determination on the merits.

IT IS SO ORDERED.

Date: February 3, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE