UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTEJ S.K. (A-246-255-895), | Case No. 1:26-cv-0413 TLN CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner Baltej S. K. (A-246-255-895), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").[1] (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violates his substantive and procedural due process rights under the Fifth Amendment. (Id. at 15-16 (claims one and two).) For the following reasons, this Court recommends that the petition be granted.

## I.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

---

[1]   Petitioner paid the filing fee and is proceeding through counsel. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

(citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[2]

On January 19, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 20, 2026, the district court granted petitioner's motion for temporary restraining order, finding that petitioner demonstrated a likelihood of success on the merits of his procedural due process claim because petitioner gained a liberty interest in his continued freedom when ICE initially elected to release petitioner from custody.  (ECF No. 5 at 5.)  Applying the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the district court found that under the Fifth Amendment Due Process Clause, petitioner was entitled to a hearing to determine whether his detention was warranted.  (Id.)  The district court ordered petitioner's immediate release under the same conditions as his prior release, and ordered respondents not to impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  (Id. at 7.)  The district court further enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral decisionmaker where the government shall bear the burden of proving by clear and convincing evidence that petitioner poses a danger to the community or a flight risk, and petitioner shall be allowed to have his counsel present.  (Id.)  The district court also directed

---

[2]  The factual and procedural background previously presented in the district judge's February 3, 2026 order is incorporated herein.  (See ECF No. 8.)

respondents to show cause why the court should not convert the temporary restraining order into a preliminary injunction requiring respondents to continue to abide by the court's order.  (Id.)  On January 30, 2026, respondents filed a motion to dismiss, opposition to the district court's order granting the temporary restraining order, and opposition to a preliminary injunction.  (ECF No. 7.)  In the opposition, respondents argued that the detention authority under 8 U.S.C. § 1225(b)(2) is lawful but otherwise offered no additional argument.  (Id. at 1-2.)  On February 3, 2026, the district court issued a preliminary injunction on the same grounds and terms as the temporary restraining order was issued.  (ECF No. 8.)  The district court cited numerous prior cases where it held that noncitizens like petitioner who have already entered the United States at the time ICE detains them are not "applicants for admission" subject to § 1225.  (Id. at 3 (citing Morales v. Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025), among others).)  The district court referred this matter to the United States Magistrate Judge for a determination on the merits. (Id. at 4.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 9.)  The parties did not submit any additional briefing, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (second claim).  See Morales, 2025 WL 3552841, at *3; Hortua v. Chestnut, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); F.V.A.V. v. Wofford, No. 1:25-cv-01763-TLN-JDP, ECF No. 16 (E.D. Cal. Dec. 19, 2025); cf. F.S.S.M. v. Wofford, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025).  As the district court explained in Morales-Flores, respondents' contention that § 1225 applies to noncitizens who have been present in the United States for a meaningful period of time is unavailing because of the weight of authority rejecting such a broad reading of § 1225.  Morales-Flores, 2025 WL 3552841, at *3.  As found by the district court, petitioner has established a protectable liberty interest under the Fifth

Amendment Due Process Clause.  (ECF No. 5 at 4.)  Applying the three factors set forth in Mathews, petitioner was entitled to a bond hearing under the Fifth Amendment Due Process Clause, which he did not receive.  (Id.); Mathews, 424 U.S. at 335.  Because the resolution of the procedural due process claim (claim two) provides the relief requested, the Court need not reach the first claim.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**III.    RESPONDENTS' MOTION TO DISMISS**

For the reasons set forth above, respondents' motion to dismiss (ECF No. 7) should be denied.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 7) be DENIED.

2.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

3.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/sk.0413.157.2241.imm.gr

5